# CURRENT COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 252
### KING BRIDGE v. WHITESELL
Ohio Court of Appeals, Cuyahoga County
No. 4223. Feb. 23, 1923

This opinion has not been published except in Abstract.

CONTRACTS—(1) Suit for commission under contract—(2) Proof of custom as to commission.

CUSHING, J.

#### Epitomized Opinion

This was an action in the Common Pleas to recover $3,000 as commission for the sale of steel. Whitesell, a broker, claimed he had a verbal agreement with the King Bridge Company whereby he was to sell some steel and receive the usual and customary commission therefor, to-wit, $5.00 per ton. The steel in question was subsequently sold by defendant to the Fuller Company. The only evidence of an oral contract or a custom was the testimony of plaintiff. And, the only evidence in support of such a custom was that another company had paid plaintiff such a commission. The court charged that the measure of damages would be the amount agreed upon by the parties for the services, in the event the jury should find for the plaintiff. The plaintiff secured a verdict for $3,000. In reversing the lower court, the Court of Appeals held:

1. In order to establish a custom to pay commission on such contracts, the custom must be either known to the parties, or so general and well established that knowledge will be presumed.

2. Where the evidence does not establish a general and well established custom as in this case, a verdict in favor of the plaintiff must be set aside as contrary to the evidence.

3. As the action was not on a definite contract, the court's charge was faulty in failing to state that the measure of damages was the usua land customary commission in such cases.

Attorneys—Wilkin, Cross and Daoust, for Bridge Co.; Toland, for Whitesell.

---

### No. 253
### COOPER RUBBER CO. v. FRITZ
Ohio Court of Appeals, Cuyahoga County
No. 4231. Feb. 19, 1923

This opinion has not been published except in Abstract.

NEGLIGENCE — Collision — Ceveral suitors — Resipsa loquitur doctrine not applicable—Inconsistancy of different judgments.

PER CURIAM:

#### Epitomized Opinion
#### Error to Cleveland Municipal Court

Fritz and another workman named Winans, drove to their work on Detroit street, in automobiles, and left them properly parked on the street, in accordance with the ordinance on that subject, and were at work on the inside of a building in front of which their machines were parked. Shortly after thus parking, a truck belonging to the Cooper Rubber Co. and a street car of the Cleveland Railway Co. came in collision, and the truck was thrown into the autos, and both of them injured. The respective owners each brougt a suit to recover damages, and each recovered in the court below. All three were brought into the Court of Appeals, on petitions in error, to reverse the judgments, and were there heard together. The Court of Appeals decided:

It seems to have been the theory of the court below that the doctrine of resipsa loquitur would apply, as there is no negligence in the record of either the railway or the rubber company. This doctrine would undoubtedly apply, if there were but one defendant, but as there are two, we fail to see how it can be made to apply to the situation in this case. In view of the failure to prove negligence on the part of either of the concerns, we do not see how the court could have rendered judgments in favor of the plaintiffs and against both defendants, one or the other of which may have been guilty of no negligence. Cases reversed and remanded for a new trial.

Attorneys—W. W. Warline, for Cooper Co.; Squire, Sanders and Dempsey, for Railway Co.; M. M. Guzik, for Fritz and for Winans.

---

### No. 254
### EVANS v. RANDALL et al
Ohio Court of Appeals, Cuyahoga County
No. 4250. March 5, 1923

This opinion has not been published except in Abstract.

PLEADINGS—(1) Power of court to strike a sham pleading from the files, which appears regular on its face—(2) Suit in quantum meruit—Where a real estate agent has been prevented from earning commission by act of the parties.

VICKERY, P. J.

#### Epitomized Opinion

This was an action by Mrs. Evans, a real estate agent, to recover a commission. Plaintiff claimed that she had a contract with defendants whereby she was to find a purchaser for their property and was to have as her commission all money she obtained in excess of $8600.00. The defendants sold the property direct to one of the plaintiff's prospective buyers. The plaintiff sued on the contract and in quantum meruit claiming that she had been the procuring cause of selling the property of the defendants. As a demurrer to the petition was sustained, an amended petition was filed setting forth an action in quantum meruit only. Upon a motion filed by the defendants the pleading was stricken from the file as a sham pleading, without any evidence being submitted. Proceedings in error were then prosecuted by plaintiff. In reversing the judgment the Court of Appeals held:

1. Where there is no conflict upon a material point and the entire evidence leaves no reasonable doube that a pleading is a sham pleading and is made only for the purposes of delay or otherwise, it should be stricken from the files.

2. Where no evidence is introduced to disclose the character of a pleading, and the pleading is good as against demurrer, it is error for a court to strike the pleading from the file as being a sham pleading.

3. Where the facts show that the plaintiff was the procuring cause of getting the customer to whom the property was later sold by the defendants themselves, the former should be entitled to recover a reasonable commission for the sale of this property, and may enforce this right in quantum meruit.

Attorneys—Schaefer and Lawrence, for Evans; Wilson and Gorman, for Randall.